IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES G. TURNER-EL, IDOC # N01161,   )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )   CIVIL NO. 11-8-GPM
                                      )
RANDY DAVIS, et al.,                  )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff James G. Turner-El is a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of sixty years' imprisonment for attempted murder, armed robbery, and unlawful restraint. At least three civil actions that Turner-El has brought in this Court have been dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See, e.g., Turner El v. Baker*, Civil No. 93-292-WDS (S.D. Ill. Mar. 31, 1994) (order dismissing action on the pleadings as frivolous); *Turner El v. Peters*, Civil No. 93-291-WDS (S.D. Ill. Mar. 31, 1994) (same); *Turner El v. O'Hare*, Civil No. 92-580-WDS (S.D. Ill. Aug. 7, 1992) (same). Because Turner-El has three or more "strikes," he cannot proceed in forma pauperis ("IFP") in federal court unless Turner-El can show that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010). *See also Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (holding that the "three-strikes" provision of 28 U.S.C. § 1915(g), enacted in the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996)

(codified in various sections of 28 and 42 U.S.C.), includes "strikes" accumulated by a prisoner before the enactment of the PLRA).[1] Additionally, since 2002 Turner-El has been prohibited from filing new actions in this Court until such time as Turner-El has paid the Court all of the outstanding filing fees that he owes the Court. *See Turner El v. Murphy*, Civil No. 01-557-GPM (S.D. Ill. Mar. 26, 2002) (order barring new filings by Turner-El until $4,200 in filing fees owed to the Court by Turner-El are paid).

Currently this matter is before the Court on a petition by Turner-El for the Court's ban on new filings by him to be lifted so that he can bring a new action under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by IDOC personnel (Doc. 1). Turner-El, who filed the instant petition while incarcerated at the Pinckneyville Correctional Center ("Pinckneyville"), alleges that he is under imminent danger of serious physical injury from what Turner-El terms a "Homo-Thug Gang member" cellmate at Pinckneyville. Doc. 2 at 3. In general, courts should "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous," as is the case here. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Also, Turner-El no longer is in any "real and proximate" danger from his cellmate at Pinckneyville because Turner-El has been transferred out

---

1. In point of fact, of course, Turner-El has far more than just three "strikes" for purposes of 28 U.S.C. § 1915(g). *See, e.g., Turner-El v. Page*, No. 97 C 1818, 97 C 5822, 1998 WL 42299, at *2 (N.D. Ill. Jan. 27, 1998) (identifying three "strikes" Turner-El has acquired in the United States District Court for the Northern District of Illinois). For the sake of simplicity, however, the Court merely has identified three of Turner-El's "strikes" in this forum. *See Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998) (in denying a prisoner's application to proceed IFP based on three "strikes," a district court, to place the prisoner on notice of the reasons for the court's decision and to give the prisoner an opportunity to dispute the decision, must cite case names, case docket numbers, districts in which prior civil actions were filed, and dates of entry of orders dismissing these prior actions).

of Pinckneyville and now is incarcerated at the Pontiac Correctional Center ("Pontiac"). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (to satisfy the "imminent danger" requirement of 28 U.S.C. § 1915(g), "a threat or prison condition" must be "real and proximate"). *See also Bridges v. Cox*, No. 10-cv-534-bbc, 2010 WL 4553663, at *3 (W.D. Wis. Nov. 3, 2010) ("[P]laintiff's claims against staff members at prisons where he is no longer incarcerated do not meet the imminent danger standard, because those defendants are not responsible for his medical care at the present time. Because these allegations do not involve imminent danger, plaintiff cannot proceed on these claims without prepaying the $350 filing fee for this case."); *Gilbert v. Astrazeneca LP*, No. 10-cv-282-bbc, 2010 WL 4340647, at *1 (W.D. Wis. Oct 27, 2010) (citing *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004)) (finding as moot a claim by a prisoner that he was under imminent danger from allegedly improper medical care at a prison where he no longer was confined); *Williams v. Heidorn*, No. 08-C-577, 2009 WL 77995, at *3 (E.D. Wis. Jan. 9, 2009) (a prisoner claiming that he was in imminent danger due to medical treatment he had received at a prison where he no longer was incarcerated could not proceed IFP because "the risk of being subjected to the same treatment is no longer imminent.").[2] If Turner-El wishes to complain of the conditions of his confinement at Pontiac, he will have to direct those complaints to the United States District Court for the Central District of Illinois, the federal court where jurisdiction and venue for such complaints are proper. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 93(b); *Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *9 (N.D. Ill. May 14, 2003).

---

2. The Court can take judicial notice of information garnered through the "inmate search" device on the IDOC's official website. *See Thomas v. McElroy*, Civil No. 10-424-GPM, 2010 WL 5089824, at *1 (S.D. Ill. Dec. 8, 2010). The IDOC's official website reflects that Turner-El currently is incarcerated at Pontiac.

To conclude, the Court finds that Turner-El is not under imminent danger of serious physical injury at Pinckneyville, and therefore Turner-El's petition for a lift of the Court's ban on new filings by Turner-El (Doc. 1) is **DENIED**. Turner-El's motion for a telephonic hearing or, in the alternative, a writ of habeas corpus ad testificandum (Doc. 2) is **DENIED as moot**. Turner-El's remaining motions in this case (Doc. 5, Doc. 6, Doc. 7, Doc. 8, and Doc. 9) are **DENIED without prejudice** to re-filing the motions in the United States District Court for the Central District of Illinois. All of the terms and conditions of the Court's earlier-imposed ban on new filings by Turner-El remain in full force and effect. The Clerk of Court is directed to close the file of this case.

**IT IS SO ORDERED.**

DATED: March 8, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge